**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

**LAVELL DOZIER**,

                        Plaintiff,

        - v -                                   Civ. No. 9:12-CV-1002
                                                         (LEK/RFT)

**NURSE BOYD**, *Auburn Correctional Facility*, **DOCCS,**

                        Defendants.

**APPEARANCES:**                                **OF COUNSEL:**

**LAVELL DOZIER**
Plaintiff, *Pro Se*
04-B-1156
*Last Known Address*:
Upstate Correctional Facility
P.O. Box 2001
Malone, NY 12953

**HON. ERIC T. SCHNEIDERMAN**          **KEITH A. MUSE, ESQ.**
Attorney General of the State of New York    Assistant Attorney General
Attorney for Defendants
The Capitol
Albany, NY 12224

**RANDOLPH F. TREECE**
**United States Magistrate Judge**

## REPORT-RECOMMENDATION and ORDER

On June 14, 2012, *pro se* Plaintiff Lavell Dozier filed the instant action, pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional right to adequate medical care. Dkt. No. 1, Compl. On October 9, 2012, this Court issued a Mandatory Pretrial Discovery and Scheduling Order ("MPDSO") granting Defendants permission to take Plaintiff's deposition and notifying Plaintiff that his failure "to attend, be sworn, and answer appropriate questions may result in sanctions, including dismissal of the action pursuant to FED. R. CIV. P. 37." Dkt. No. 15, MPDSO,

at p. 4. On March 21, 2013, Defendants notified Plaintiff of their intent to take his sworn deposition on April 10, 2013; notwithstanding being served with adequate notice regarding the intended time and place of the Deposition, Plaintiff failed to appear. Dkt. No. 22-1, Keith A. Muse Decl., dated July 9, 2013, at ¶¶ 3 & 9, and Exs. A & B. Plaintiff made no efforts to notify Defendants of his intention not to appear, nor made any effort to reschedule the Deposition, either before or after April 10, 2013. *Id.* at ¶ 10.

On July 9, 2013, Defendants filed a Motion, pursuant to Rule 37, for an order dismissing this action on the grounds that Plaintiff failed to appear for his Deposition and notify the Court of his change of address. *See generally* Dkt. No. 22-2, Defs.' Mem. of Law. On October 3, 2013, this Court Ordered Plaintiff to submit information concerning his current address to the Court and respond to Defendants' pending Motion for Sanctions no later than November 29, 2013.[1] Dkt. No. 24, Order, dated Oct. 3, 2013, at p. 4. By that Order, Plaintiff was notified of the consequences of his continued failure to keep his address current pursuant to N.D.N.Y.L.R.10.1(c)(2), N.D.N.Y.L.R. 41.2(b), and FED. R. OF CIV. P. 41(b), including the possibility that this Court would recommend dismissal of this action. *See generally id.* Plaintiff was previously warned of the same consequences in a prior Order issued on July 30, 2012. *See* Dkt. No. 5, Order, dated July 30, 2012, at p. 7. Despite these warnings, Plaintiff has failed to submit information concerning his current whereabouts and has failed to respond to Defendants' pending Motion.

Based upon the above history, it is quite evident to this Court that Mr. Dozier does not intend to defend against the pending Motion nor prosecute this matter.

Federal Rule of Civil Procedure 37(b)(1) states, "[i]f the court where the discovery is taken

---

[1] Within that Order, we noted that according to information available on the Department of Correction and Community Supervision's website, Plaintiff appears to be hosed at Elmira Correctional Facility. Dkt. No. 24 at n.1.

orders a deponent to be sworn or to answer a question and the deponent fails to obey, the failure may be treated as contempt of court." Rule 37 further authorizes an array of sanctions to be imposed when a party fails to comply with a court order. FED. R. CIV. P. 37(b)(2); *see also* N.D.N.Y.L.R. 1.1(d) ("Failure of . . . a party to comply with any provision of these Rules, General Orders of this District, Orders of the Court, or the Federal Rules of Civil or Criminal Procedure shall be a ground for imposition of sanctions."). Included as a sanction in Rule 37(b)(2) is the remedy of dismissal against the disobedient party. FED. R. CIV. P. 37(b)(2)(A)(v). Sanctions are also available, upon motion, for a party's failure to attend his own deposition. FED. R. CIV. P. 37(d)(1)(A)(I).

Also, in this District, all litigants have an ongoing obligation to keep their address information updated with both the Court and adversaries. N.D.N.Y.L.R. 10.1(c)(2) ("**All attorneys of record and *pro se* litigants must immediately notify the Court of any change of address.**" (emphasis in original)). A party's failure to provide such information is grounds for dismissal. N.D.N.Y.L.R. 41.2(b). As then-District Judge Pooler has observed:

> It is neither feasible nor legally required that the clerks of the district courts undertake independently to maintain current addresses on all parties to pending actions. It is incumbent upon litigants to inform the clerk of address changes, for it is manifest that communications between the clerk and the parties or their counsel will be conducted principally by mail. In addition to keeping the clerk informed of any change of address, parties are obliged to make timely status inquiries. Address changes normally would be reflected by those inquiries if made in writing.

*Dansby v. Albany County Corr. Facility Staff*, 1996 WL 172699, at *1 (N.D.N.Y. Apr. 10, 1996) (citations omitted).

Indeed, courts in the Northern District of New York have dismissed lawsuits brought by *pro se* plaintiffs for failure to provide a current address. *See Rivera v. Goord*, 1999 WL 33117155 (N.D.N.Y. Sept. 14, 1999); *Fenza v. Conklin*, 177 F.R.D. 126 (N.D.N.Y. 1988); *Morgan v. Dardiz*, 177 F.R.D. 125 (N.D.N.Y. 1998); *Williams v. Faulkner*, 1998 WL 278288 (N.D.N.Y. May 20,

1998); *Dansby v. Albany County Corr. Facility Staff*, 1996 WL 172699.

Similarly, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, a court may dismiss an action "[i]f the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order[.]" FED. R. CIV. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962); *see also* N.D.N.Y.L.R. 41.2. "This power to dismiss an action may be exercised when necessary to achieve orderly and expeditious disposition of cases." *Freeman v. Lundrigan*, 1996 WL 481534, at *1 (N.D.N.Y. Aug. 22, 1996) (citing *Rodriguez v. Walsh*, 1994 WL 9688, at *1 (S.D.N.Y. Jan. 14, 1994)); *see also Dodson v. Runyon*, 957 F. Supp. 465, 469 (S.D.N.Y.), *aff'd without opinion*, 152 F.3d 917 (2d Cir. 1998), (citing *Nita v. Conn. Dep't of Envtl. Prot.*, 16 F.3d 148, 485 (2d Cir. 1994)). Given the harsh nature of Rule 41(b) dismissals, such dismissals are "appropriate only in extreme circumstances." *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996) (quoted in *Spencer v. Doe*, 139 F.3d 107, 112 (2d Cir. 1998)). Further, a court must be cognizant of the special latitude to be given to a *pro se* litigant. *Webb v. Bermudez*, 1996 WL 599673, at *1 (S.D.N.Y. Oct. 17, 1996) (citing *Salahuddin v. Harris*, 782 F.2d 1127, 1132 (2d Cir. 1986) for the proposition that "dismissal against *pro se* litigants should be granted only when they deliberately frustrate the process, not when they do so through a misunderstanding.").

In considering whether dismissal is the proper action herein, we must consider the following: (1) the duration of Plaintiff's failure to comply with Court Orders; (2) whether Plaintiff was on notice that failure to comply would result in dismissal; (3) whether the Defendant is likely to be prejudiced by further delay in the proceedings; (4) a balancing of the Court's interest in managing its docket with the Plaintiff's interest in receiving a fair chance to be heard; and (5) whether the Court has adequately considered a sanction less drastic than dismissal. *See Jackson v. City of New*

*York*, 22 F.3d 71, 74 (2d Cir. 1994); *Pert v. City of New York*, 992 F.2d 458, 461 (2d Cir. 1993). Generally, no factor alone is dispositive. *Nita v. Conn. Dep't of Envtl. Prot.*, 16 F.3d at 485.

Here, Plaintiff's last communication with the Court was on February 15, 2013, when the Court received from him a copy of correspondence he sent to Defendants' counsel. Dkt. No. 20. Plaintiff's failure to take meaningful action in the instant litigation for almost a year has created a significant delay. Plaintiff has made no effort to explain his failure to attend or to reschedule his Deposition. In addition, Plaintiff has wholly disregarded this Court's Orders and warnings regarding his duty to notify the Court of his whereabouts. This invariably prejudices the Defendants' ability to properly defend this matter. Such behavior cannot be countenanced. Just as our dictates and admonitions have fallen on deaf ears, so too would imposing less drastic sanctions. Defendants cannot be expected to combat Plaintiff's charges without the benefit of having his testimony recorded before trial and we will not direct Defendants to incur any unnecessary costs associated with an action Plaintiff ostensibly, given his failure to communicate with the Court, has no desire to litigate. Given Plaintiff's behavior and inattention to Court Orders, we are left with only one suitable sanction, dismissal. *See Salahuddin v. Harris*, 782 F.2d 1127, 1132 (2d Cir. 1986) (dismissal against *pro se* litigants should be granted only when they deliberately frustrate the process, not when they do so through a misunderstanding).

**WHEREFORE**, after due deliberation and for the reasons stated above, it is

**RECOMMENDED**, that Defendants' Motion to Dismiss (Dkt. No. 22) pursuant to FED. R. CIV. P. 37(b) & 41(b) be **granted** and this action be **dismissed**; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order by certified mail upon the Plaintiff at the following addresses:

addresses:

| | | |
|---|---|---|
| Upstate Correctional Facility | | Elmira Correctional Facility |
| Box 2001 | AND | P.O. Box 500 |
| 309 Bare Hill Road | | Elmira, New York 14902 |
| Malone, New York 12953 | | |

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Date: February 11, 2014
       Albany, New York

_____
Randolph F. Treece
U.S. Magistrate Judge